UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH A. GASS , and
DEBORAH DEJONGE,

       Plaintiffs,

v.

MARRIOTT HOTEL SERVICES, INC.,
and ECOLAB, INC.,

       Defendants.
_____/

File No.  1:05-CV-856

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION FOR RECONSIDERATION</u>**

This matter comes before the Court on Plaintiffs' motion for reconsideration. Plaintiffs contend that this Court's opinion and order granting Defendants' motion for summary judgment (Docket #'s 71 & 72) contained a palpable defect, the correction of which would result in a denial of the Defendants' motion.  Plaintiffs dispute the Court's conclusion that they only sustained "minimal exposure" and they contend that the Material Safety Data Sheet for Demand CS is sufficient to create an issue of fact as to causation.

Plaintiffs' contentions do not warrant a different result on Defendants' motion for summary judgment.  Plaintiffs contented that their chemical exposure was not minimal in light of the fact that they entered the room while it was being sprayed, or a short time thereafter, and they wore clothing that had been exposed to the chemicals for 14 hours during

their travel home. Plaintiffs cite Dr. DeJonge's deposition in support of their contention that the toxins on their clothing would sink into their bodies for the duration of their travel. (R. DeJonge Dep. at 107, 112). This Court has already concluded, however, that Dr. DeJonge will not be permitted to testify as to the cause of Plaintiffs' symptoms, or to any scientific matters other than Plaintiffs' symptoms, tests, diagnosis, and treatment. (Docket # 71 at 10-18). Plaintiffs have no expert testimony to support this theory of exposure.

Plaintiffs contend that the Material Safety Data Sheet for Demand CS contains scientific evidence showing that the chemical is of a harmful nature and that it should be sufficient to warrant a trial. Plaintiffs cite *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999), and *Martin v. American Cyanamid Co.*, 5 F.3d 140 (6th Cir. 1993),[1] in support of the proposition that courts have recognized the scientific reliability of Material Safety Data Sheets with respect to "health hazards."

Neither of the cases Plaintiffs cite in support of their motion for reconsideration suggests that in the absence of expert testimony Material Safety Data Sheets are sufficient to establish causation in a toxic tort case. In *Curtis* the Fifth Circuit held that the district court had improperly excluded the plaintiffs' expert witness, and that when the expert's testimony was included, the record was sufficient to raise jury issues as to liability. 174 F.3d at 676. *Martin* involved a challenge to the Occupational Safety and Health Review

---

[1] The Court assumes that this is the case Plaintiffs intended to reference by their citation to "*Martin v. American Cyamid Company*, F.3d 340 (1993)."

Commission's interpretation of a Hazard Communication Standard, 5 F.3d at 141, and does not support Plaintiffs' contention that the Material Safety Data Sheets are sufficient to present a jury question on causation.

Plaintiffs' burden is to show that the chemicals caused their symptoms, not merely to show that the chemicals were hazardous. Plaintiffs have no expert witnesses. The Material Safety Data Sheets are not sufficient to sustain Plaintiffs' burden of presenting scientific evidence of what a toxic level of exposure might be, that they were exposed to a toxic dosage, or that the exposure actually caused their injuries. Plaintiffs have not convinced this Court that its earlier opinion contained any palpable defects that would warrant a different disposition of Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Docket # 74) is **DENIED**.


Dated:     May 23, 2007              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE