UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH GASS and DEBORAH
DEJONGE,

      Plaintiffs,

v.

MARRIOTT HOTEL SERVICES, INC.,
and ECOLAB INC.,

      Defendants.
_____/

File No.  1:05-CV-856

HON. ROBERT HOLMES BELL

**O P I N I O N**

      This matter is before the Court on a motion for taxation of costs filed by Defendants Marriott Hotel Services, Inc. and Ecolab, Inc.  Defendants move for taxation of $41,353.50 in attorney fees and $3,752.31 in costs actually incurred due to Plaintiffs Elizabeth Gass and Deborah DeJonge's rejection of unanimous case evaluations.

      This diversity action was referred to mandatory case evaluation pursuant to the Michigan Mediation Act, M.C.L. §§ 600.4951-.4969 and W.D. Mich. LCivR 16.5(b)(i)(F)(1).  (Docket # 12).  The referral order provided in pertinent part:

> The provisions of the Mediation Act concerning the taxation of costs, including actual attorney fees, apply to any party rejecting a unanimous case evaluation.  Mich. Comp. Laws § 600.4969.

(Docket # 12, ¶ 11).  Under the Mediation Act, if a plaintiff has rejected a unanimous case evaluation award, and if the verdict is more favorable to the defendant than the evaluation,

then, even if the defendant has also rejected the evaluation, the plaintiff must pay the defendant's actual costs, including a reasonable attorney fee, for services necessitated by the rejection of the evaluation.  M.C.L. § 600.4969;[1] *see also* M.C.R. § 2.403(O).

The case evaluation hearing was held on January 17, 2007, and resulted in unanimous case evaluation awards of $25,000.00 for each plaintiff.  All parties rejected the case evaluation by failing to file a response before the expiration of the response period on February 14, 2007.  On May 8, 2007, the Court granted Defendants' motion for summary judgment and entered a judgment in their favor.  (Docket # 72).  Plaintiffs' motion for

---

[1]The statute reads as follows:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party shall pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation.  However, if the opposing party has also rejected the evaluation, that party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of subsection (1), a verdict shall be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation.  After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10% below the evaluation, and is considered more favorable to the plaintiff if it is more than 10% above the evaluation.

(3) For the purpose of this section, actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

(4) Costs shall not be awarded if the mediation award was not unanimous.

M.C.L. § 600.4969.

reconsideration was denied by order dated May 24, 2007. (Docket # 75).  Defendants have requested an order awarding them $41,353.50 in attorney fees and $3,752.31 in costs actually incurred from the date of Plaintiffs' rejection of the case evaluation until May 21, 2007.

Plaintiffs have raised several objections to Defendants' request for taxation of costs. Plaintiffs note that where, as here, the verdict is the result of a ruling on a motion after rejection of the case evaluation, Michigan Court Rules provide that "the court may, in the interest of justice, refuse to award actual costs."  M.C.R. 2.403(O)(11).  Plaintiffs suggest that the Court should exercise its discretion and not award any costs in light of the facts and circumstances of this case.

Subsection 11 is "an exception to the mandatory rule" that a party who rejects a case evaluation must pay the prevailing party's actual costs.  *Haliw v. City of Sterling Heights*, 266 Mich. App. 444, 447, 702 N.W.2d 637, 639 (2005).  To invoke the interest of justice exception to this mandatory rule the court must find it is "in the interest of justice" to do so. *Id.*  Although the term "interest of justice" is not defined in the statute, courts have applied it to unusual circumstances, such as where the law is unsettled, or the prevailing party has engaged in misconduct.  *Id.* at 448-49.

Other than their vague reference to unspecified "facts and circumstances" of the case, Plaintiffs' have not identified how declining to award costs would be in the interest of justice. This is not a case where the dispositive motion raised unexpected issues that Plaintiffs could not have anticipated before rejecting the case evaluation.  Defendants' motion for summary

judgment had been pending for a month before Plaintiffs rejected the case evaluation. Plaintiffs had ample time to factor in the ramifications of a summary judgment ruling in Defendants' favor when they rejected the case evaluation. Invoking the "interest of justice" exception in this case is not appropriate because to do so would make the mandatory sanctions meaningless. The Court accordingly declines Plaintiffs' request that the Court refuse to award costs in this case.

Plaintiffs have argued in the alternative that if the Court awards costs, certain time entries in Defendants' request for taxation of costs should be disallowed because they were not reasonable.

Although Plaintiffs have not raised the issue, the Court finds that it would not be proper to tax attorney fees for February 14, 2007, because Plaintiffs had until the close of that day to file their response to the case evaluation award. The Court will accordingly subtract $1,588.50 from the requested fees for time entries dated February 14, 2007.

Plaintiffs contend that time attributable to Defendants' untimely motion to compel discovery, Plaintiffs' motion to compel discovery, and the court-ordered Medeiros' deposition, should be disallowed because they were not reasonably necessitated by Plaintiffs' rejection of the case evaluation. The Court agrees that these are matters that should have been addressed before discovery closed in December 2006. The Court will accordingly subtract an additional $9,837.00 from the requested fees for time entries attributable to these discovery matters.

4

However, the Court disagrees with Plaintiffs' assertion that only attorney fees directly relating to the motion for summary judgment are recoverable. Time entries attributable to Defendants' motion to strike Plaintiffs' expert witnesses and motion to strike affidavit and other inadmissible exhibits were related to both the summary judgment motion and to trial preparation. Time entries attributable to reviewing Plaintiffs' medical and financial records and working with Defendants' own expert witnesses, were all related to trial preparation. With respect to Plaintiffs' objections to the March 12 and March 16 entries regarding a case evaluation summary, it appears to the Court that these entries pertain to an internal summary for trial preparation purposes rather than a summary for the case evaluation that took place in January 2007. Contrary to Plaintiffs' contentions, Defendants were not required to cease working on the file while they awaited the Court's ruling on their motion for summary judgment. The jury trial was scheduled to begin on July 16, 2007. It was not unreasonable for Defendants to proceed with trial preparation pending a ruling on their summary judgment motion. Defendants could not anticipate the outcome of the motion, and they reasonably believed that if their motion was denied a trial would be a certainty given Plaintiffs' failure to reduce their high settlement demand even after the very modest case evaluation award.

Defendants have documented total attorney fees in the amount of $41,353.50 and costs in the amount of $3,751.31. The Court finds that all of the attorney fees and costs requested by Defendants were for services necessitated by Plaintiffs' rejection of the case evaluation with the exception of the $1,588.50 attributable to work prior to the expiration of

the case evaluation response period and the $9,837.00 in attorney fees attributable to late discovery. The Court will accordingly enter an award in favor of Defendants for fees and costs in the total amount of $33,679.31.

An order consistent with this opinion will be entered.

Date:     August 10, 2007                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE